IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANDREW C. HRUBY, #S-07587,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CASE NO. 12-cv-981-JPG |
| ) | |
| **MARCUS HODGE,** ) | |
| **COUNSELOR STRUBHART,** ) | |
| **FUNK, NURSE SELLERS,** ) | |
| **and UNKNOWN PARTY,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on July 8, 2012, he was seriously burned by scalding water in the prison shower, and Defendants have failed to provide him with any medical care.

More specifically, Plaintiff claims that soon after he entered the shower, the water suddenly became scalding. Plaintiff moved away from the water, but was still severely burned on his face and chest. After he was scalded, he asked Officers Lockhart and Hough (who are not named Defendants) to notify the health care staff that he needed treatment for the burns. Plaintiff gave a written medical request slip to Hough, which Plaintiff believes was passed along to the health care unit. He was not seen by any health care provider until the following day, when

Nurse Sellers[1] examined him. She told Plaintiff that all she could do was document his injury and put him on the list to see the doctor (Doc. 1, p. 3). Plaintiff was in severe pain and his burns were bleeding. However, Plaintiff was never taken to see the doctor, nor did he receive any treatment whatsoever for his burns, which are now scarring. Plaintiff filed an emergency grievance with Defendant Hodge (the Lawrence warden), but still received no medical care. Further, Plaintiff alleges that Defendants had knowledge of a "computer problem" (presumably related to temperature control in the shower) but failed to correct it.

Plaintiff seeks compensatory damages, and injunctive relief to obtain medical care as soon as possible. He also requests that counsel be appointed for him, although he did not file a separate motion seeking that relief.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Sellers, Hodge, and other Unknown Party Defendant(s) (the John or Jane Doe medical providers), for deliberate indifference to his serious medical needs (Count 1).

Plaintiff also asserts a claim regarding the dangerous condition of the shower, where he was sprayed with scalding water without warning (Count 2). At this point in the litigation, it is not possible to determine whether the events that led to Plaintiff's injury resulted from simple negligence (which cannot give rise to a constitutional claim), or from deliberate indifference to a known risk of serious harm. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v.*

---

[1] Plaintiff did not include Nurse Sellers in his list of named Defendants; however, the complaint indicates he intended to assert a claim against her (Doc. 1, p. 3). Therefore, the Clerk shall be directed to add Nurse Sellers as a party.

*Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995) (A defendant can never be held liable under § 1983 for negligence). *See also Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981) (deprivations of basic human needs like food, medical care, sanitation, and physical safety can violate the Eighth Amendment, if a defendant knew of the risk of harm to an inmate yet acted or failed to act in disregard of that risk). Therefore, dismissal of this claim pursuant to 28 U.S.C. § 1915A is not appropriate. Defendant Funk (the prison maintenance supervisor) is the only named Defendant who Plaintiff connects to this claim, and Count 2 shall proceed against him for further consideration.

However, Defendant Strubhart (a counselor at Lawrence) shall be dismissed from this action. Plaintiff lists him among the Defendants, but fails to make any allegations against him elsewhere in the complaint. Thus, the Court is unable to ascertain what claims, if any, Plaintiff has against Defendant Strubhart.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely

invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Accordingly, Defendant Strubhart will be dismissed from this action without prejudice.

**Pending motions**

    A.  **Motion for Temporary Restraining Order ("TRO") and for Preliminary Injunctive Relief (Doc. 2)**

Plaintiff's motion indicates that he continues to suffer pain and impairment of normal functioning due to his burn injuries, and that he has still never received medical treatment as of the date this action was filed. Without opinion as to the ultimate merits of the motion, the Court's preliminary review dictates that Plaintiff's request for injunctive relief deserves prompt consideration.

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's motion for TRO and preliminary injunctive relief (Doc. 2) is hereby **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for an evidentiary hearing and issuance of a report and recommendation. Personal service on the Defendants shall be ordered. Judge Frazier shall set an evidentiary hearing as soon as practicable, in light of the time necessary to effect service of summons and for receipt of the Defendants' responses to the motion for injunctive relief. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Frazier.

    B. **Motion for Leave to Proceed in Forma Pauperis ("IFP") (Doc. 3)**

Plaintiff has submitted an affidavit stating that he has no income or assets. However, he has not

tendered a complete certified copy of his inmate trust fund account statement. The Court has requested a trust fund statement for the six-month period immediately preceding the filing of this case from the Lawrence Correctional Center, but to date has not received information sufficient to determine the amount of Plaintiff's initial partial payment. Based on Plaintiff's motion for IFP, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee. At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward that payment to the Clerk of Court. The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full.

Plaintiff's motion to proceed IFP in this case (Doc. 3) is **GRANTED**. The Clerk of Court is directed to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Lawrence Correctional Center.

### C. Appointment of Counsel

Finally, the Court **DENIES** without prejudice Plaintiff's request for appointment of counsel. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it

himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).  With regard to the first step of the inquiry, there is no indication that Plaintiff has even made an effort to obtain counsel on his own much less been effectively precluded from obtaining counsel on his own.  Plaintiff may choose to file a motion for appointment of counsel at a later stage in the litigation.

**Disposition**

The Clerk is **DIRECTED** to add **NURSE SELLERS** as a Defendant.

Defendant **STRUBHART** is **DISMISSED** from this action without prejudice.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **HODGE, SELLERS** and **FUNK**.  The Clerk shall issue the completed summons, and prepare a service packet for each Defendant consisting of: the completed summons, the completed form USM-285, a copy of the complaint (Doc. 1), a copy of the motion for TRO and preliminary injunction (Doc. 2), and this Memorandum and Order.  The Clerk shall deliver the service packets for each Defendant to the United States Marshal Service for personal service on each Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order**, the United States Marshals Service **SHALL personally serve** upon Defendants **HODGE, SELLERS** and **FUNK**, the service packets containing the summons, form USM-285, a copy of the complaint (Doc. 1), a copy of the motion for TRO and preliminary injunction (Doc. 2), and this Memorandum and Order.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.  The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for injunctive relief.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:**   **September 21, 2012**

*s/J. Phil Gilbert*
**United States District Judge**