IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW C HRUBY, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|    vs. | )   Case No.  **3:12-cv-00981-JPG-PMF** |
| | ) |
| MARCUS HODGE, *et al.*, | ) |
| | ) |
|        Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Andrew C. Hruby's motion for a preliminary injunction or temporary restraining order (Doc. 2) and the defendants' response thereto (Doc. 18). A hearing was held on October 22, 2012. Hruby attended the hearing by video-conference and testified.

### I.  BACKGROUND

Hruby is incarcerated at Lawrence Correctional Center ("Lawrence"), a correctional facility under the control of the Illinois Department of Corrections ("IDOC"). He claims he was severely burned on his chest and neck by scolding hot water in the showers on July 8, 2012. Hruby was treated by medical staff at Lawrence the next day. According to medical records submitted as an exhibit at the October 22 hearing, Lawrence medical staff noted that a burn was visible, but it was superficial with no blisters. Hruby told medical staff on July 9 that he had no pain or discomfort.

Although Hruby disputes that it ever occurred, records show that Hruby saw medical staff at Lawrence again on July 12. At that time, he reported that he already been seen by medical staff and didn't need anything else. After July 12, Hruby was seen by Lawrence medical staff for various ailments on July 21, July 25, July 27, August 1, August 27, August 28, August 30,

1

September 27, October 1, and October 4.  Those records do not indicate that Hruby was seeking treatment for serious burns.

Hruby testified at the October 22 hearing that his burns do not presently constitute a medical emergency or a serious medical need. He stated that has a "little bit" of discomfort and severe pain, but he has found a way to manage it due to having a "high tolerance" for pain. However, Hruby would like the Court to issue emergency injunctive relief in the form of a temporary restraining order or preliminary injunction.  Specifically, he would like the Court to order the IDOC to have his burns treated by an outside doctor.

## I.   DISCUSSION

"In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004) (citing *Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061, 1067 (7th Cir.1994)).  "If the movant can meet this threshold burden, then the inquiry becomes a sliding scale analysis where these factors are weighed against one another." *Id*. (citations and internal quotations omitted).  With respect to preliminary injunctive relief regarding prison conditions, federal statutory law provides that such relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).  Finally, the Court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief …" *Id*.

1. **Adequate Legal Remedy**

Hruby received medical treatment at Lawrence o0n July 9, 2012, a day after the burns occurred. Hurby continued to access medical care on multiple occasions after being seen on July 9. The evidence demonstrates that Hruby has access to medical care, but he believes that the treatment he is receiving at Lawrence is inadequate. Although he has admitted that he has no medical training of any kind, Hruby disagrees with the course of treatment he has received at Lawrence. The factor weighs heavily in favor of the defendants because there is no indication from the evidence in the record that outside medical treatment is either necessary or appropriate at this time.

2. **Irreparable Harm**

This factor also weighs in favor of the defendants. At this time, it does not appear that Hruby will suffer irreparable harm if the injunction is not granted. As noted above, Hruby admits that the treatment of his injuries can no longer be considered an emergency. He has testified that his injury is causing him a "little bit" of pain and discomfort, but he has learned to manage it.

3. **Harm to the Defendants**

The evidence did not suggest that the defendants would suffer any particular harm if they are ordered to send Hruby to an outside doctor for treatment. However, it is not difficult to conceive that arranging the treatment will come at some monetary cost and staffing inconvenience to the defendants.

4. **Likelihood of Success on the Merits**

In order to demonstrate a likelihood of success on the merits of his § 1983 claims, Hruby must demonstrate that 1) he has/had a sufficient serious medical need, and 2) the defendants

were deliberately indifferent to that serious medical need. *See Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011).  Hruby has testified that he sustained serious burns to his neck and chest on July 8, 2012, and the treatment he received was inappropriate.  However, there is some evidence in the record to suggest that Hruby's injuries may not have been sufficiently serious.  The amount of care the Hruby received following his injuries could call into question whether the defendants were deliberately indifferent to Hruby's injuries.  This evidence does not indicate that Hruby has a considerable likelihood of being successful on his deliberate indifference claims.

    5.  Public Interest

Other than monetary considerations, the public interest would not be harmed by an order directing the defendants to provide Hruby with treatment for his injuries by an outside doctor.

    II.    <u>CONCLUSION AND RECOMMENDATION</u>

The balance of these factors does not weigh in Hruby's favor.  It is recommended that his motion for preliminary injunctive relief or for a temporary restraining order (Doc. 2) be denied.

**SO RECOMMENDED.**

**DATED: October 22, 2012.**

    *s/ Philip M. Frazier*
    PHILIP M. FRAZIER
    UNITED STATES MAGISTRATE JUDGE