IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW C. HRUBY,

    Plaintiff,

vs.

MARCUS HODGE, COUNSELOR STRUBHART, FUNK, UNKNOWN PARTY, and NURSE SELLERS,

    Defendants.

Case No. 12-cv-981-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 19) of Magistrate Judge Philip M. Frazier recommending that the Court deny plaintiff Andrew C. Hruby's motion for preliminary injunctive relief or for a temporary restraining order (Doc. 2).

### FACTS

Hruby is currently incarcerated at Lawrence Correctional Center ("LCC"). He alleges in his motion that on July 8, 2012, while incarcerated at LCC, he was severely burned in the shower by hot water. Despite contradictory medical records, Hruby maintains that he received and continues to receive inadequate medical care at LCC. Medical records evidence that medical staff saw Hruby on July 9, July 12, July 21, July 25, July 27, August 1, August 27, August 28, August 30, September 27, October 1, and October 4. The July 9 record indicates that medical staff observed a superficial burn and no blisters on Hruby. The July 12 medical records indicate that Hruby told medical staff he did not need any further care.

Thereafter, Hruby filed his complaint and motion for a temporary restraining order or preliminary injunction on September 10, 2012. On October 22, 2012, Judge Frazier held a

hearing on Hruby's motion for a preliminary injunctive relief or a temporary restraining order. At that October 22, 2012 hearing and in his objection, Hruby indicates that his injuries are no longer an emergency and he has learned to cope with the discomfort he still experiences.

## ANALYSIS

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because Hruby has filed an objection to the R & R the Court will review the record *de novo*.

When deciding a motion for a temporary restraining order, the Court applies the same standard as it does to a motion for a preliminary injunction. *Crue v. Aiken*, 137 F. Supp. 2d 1076, 1083 (C.D. Ill. 2001). Accordingly, the Court will consider both Hruby's motion for a temporary restraining order and a preliminary injunction under one analysis. Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). A party seeking a preliminary injunction must make a threshold showing that (1) it has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) it will suffer irreparable harm if the injunction is not granted. *Ferrell v. United States Dep't of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999). Irreparable harm must be *likely*, not just possible. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22

(2008).  If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public.  "[T]he greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor."  *Ferrell*, 186 F.3d at 811.

"A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam));  *accord Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008).  Specifically, with respect to prisoners,

> preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . .

18 U.S.C. § 3626(a)(2).  The Court will now turn to address each of these factors as they relate to Hruby's allegations.

    i.    **Hruby is not Likely to Succeed on the Merits**

It is well established that deliberate indifference to a prisoner's serious medical need constitutes a violation of the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A deliberate indifference claim consists of both an objective and subjective element.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Accordingly, the prisoner must show that (1) his medical need was sufficiently serious, and (2) that defendants acted with the requisite state of mind.  *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011).  "A medical need is considered sufficiently serious if the inmate's condition 'has been diagnosed by a physician as mandating treatment or . . . is so

obvious that even a lay person would perceive the need for a doctor's attention.'" *Id*. (quoting *Greeno v. Dailey*, 414 F.3d 645, 653 (7th Cir. 2005)). The state of mind requirement is not satisfied by mere negligence or inadvertence, but it does not require a showing of intentional failure to provide care. *Roe*, 631 F.3d at 857. "[I]t is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk." *Id*. (quoting *Greeno*, 414 F.3d at 653).

     Hruby generally objects to the finding that he is unlikely to succeed on the merits, but simply argues that his brief demonstrates the factors that weigh in his favor. He does not point to specific factors for this Court to review. Nevertheless, the Court will review this portion of Hruby's objection under the *de novo* standard. Hruby maintains that his burns were indeed serious and caused him severe discomfort. However, the day after the burn occurred, medical staff noted that the burns appeared superficial and noted there were no blisters. Hruby further contends that medical staff failed to treat him appropriately for those burns. However, evidence indicates that Hruby was seen by medical staff at least twelve times between the burn and the hearing on October 22, 2012, and that only four days after the burn Hruby indicated he needed no further care. The number of times Hruby was seen by medical staff, alone, suggests that defendants were not indifferent to his medical needs. Further, the fact that Hruby told staff he did not need care contradicts the allegation that defendants were indifferent. Hruby is unlikely to establish either a serious medical need or deliberate indifference by medical staff on these facts. Accordingly, Hruby has failed to persuade the Court he is likely to succeed on the merits of his § 1983 claim, and this factor weighs in favor of defendants for purposes of injunctive relief.

### ii.  An Adequate Remedy Exists at Law

Hruby admits that his injuries are no longer an emergency.  Thus, injunctive relief will not benefit Hruby, and his § 1983 claim provides an adequate remedy at law for any past injuries.  Accordingly, this factor weighs in favor of defendants.

### iii.  Hruby is Not Likely to Suffer Irreparable Harm

Again, defendants contend that Hruby's burns were never serious, and even Hruby admits they are no longer an emergency.  Again, in his objection, Hruby states that "the injuries suffered by plaintiff are no longer considered an 'emergency.'" Doc. 32, p. 5.  He further states that he "experiences some pain and discomfort to the affected areas but has learned to cope . . . ." *Id*.  Thus, by Hruby's own admission, his injuries are not currently an "emergency" and he is not likely to suffer irreparable harm.  Accordingly, this factor also weighs in favor of defendants.

## CONCLUSION

After considering each of the above factors, the Court finds that each factor weighs in favor of defendants.  Because Hruby has failed to carry his burden in establishing these three factors, the Court need not balance the harms or consider the public interest.  Accordingly the Court **ADOPTS** the R & R (Doc. 19) and **DENIES** Hruby's motion for a preliminary injunction or temporary restraining order (Doc. 2).

**IT IS SO ORDERED.**

**DATED:** November 16, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**