IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW C. HRUBY,

    Plaintiff,

vs.

MARCUS HODGE, COUNSELOR
STRUBHART, FUNK, UNKNOWN PARTY,
and NURSE SELLERS,

    Defendants.

Case No. 12-cv-981-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on (1) plaintiff Andrew C. Hruby's motion for voluntary dismissal (Doc. 129) and (2) the Report and Recommendation ("R & R") of Magistrate Judge Philip M. Frazier (Doc. 125) wherein Judge Frazier recommends this Court grant defendant Marcus Hodge, Funk, and Nurse Sellers' (collectively "Defendants") motions for summary judgment. For the following reasons, the Court denies Hruby's motion for voluntary dismissal and adopts Magistrate Judge Frazier's R & R.

1. **Motion for Voluntary Dismissal**

The Court will first consider Hruby's motion for voluntary dismissal. Hruby specifically asks this Court to dismiss his case so that he may refile it after he is released from prison because he "has been unable to communicate with his vital material witness" (Doc. 129, p. 1). Sellers filed her response opposing Hruby's motion. Sellers notes that Hruby did not file the motion until November 1, 2013, well beyond the September 13, 2013, deadline set by Magistrate Judge Frazier for Hruby to file a motion for voluntary dismissal (Doc. 119). Further, it was only after Magistrate Judge Frazier recommended that the Court grant Defendants' motions for summary judgment that Hruby filed his motion for voluntary dismissal.

After a defendant has filed an answer or a motion for summary judgment, a plaintiff must obtain a court order to voluntarily dismiss a claim. Fed. R. Civ. P. 41(a). Pursuant to Federal Rule of Civil Procedure 41(a)(2) the court may grant a plaintiff's motion to voluntarily dismiss "on terms that the court considers proper." It is an abuse of the court's discretion to grant a motion for voluntary dismissal "where the defendant would suffer 'plain legal prejudice.'" *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007) (quoting *United States v. Outboard Marine Corp.* 789 F.2d 497, 502 (7th Cir. 1986)).

Here, Hruby has failed to offer a sufficient reason warranting voluntary dismissal or any explanation for his failure to file the motion by the deadline set by Magistrate Judge Frazier. Rather, it appears that Hruby seeks to dismiss this case to avoid an unfavorable ruling. It was not until after Magistrate Judge Frazier recommended this Court grant summary judgment in favor of Defendants that Hruby filed his motion for voluntary dismissal. Such an unfavorable recommendation cannot serve as a basis to voluntarily dismiss a case. *See Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994). Further, Magistrate Judge Frazier clearly set forth a deadline by which Hruby was to file a motion to voluntarily dismiss. Hruby failed to meet that deadline. Defendants would also suffer prejudice should the Court grant Hruby's motion for voluntary dismissal because they have already conducted discovery on the issue of exhaustion of administrative remedies and filed their motions for summary judgment. For the foregoing reasons, the Court denies Hruby's motion for voluntary dismissal (Doc. 129).

2. **Report and Recommendation**

Next, the Court will consider the R & R (Doc. 125) of Magistrate Judge Frazier wherein he recommends this Court grant Defendants' motions for summary judgment (Docs. 82, 87).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must

review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

This Court granted Hruby an extension of time to object to Magistrate Judge Frazier's R & R. The deadline in that order has passed, and the Court has received no objection to the R & R. The Court has reviewed the entire file and finds that the R & R is not clearly erroneous. Accordingly, the Court adopts the R & R in its entirety and grants Defendants' motions for summary judgment (Docs. 82 & 87).

### 3. Conclusion

For the foregoing reasons the Court:

- **DENIES** Hruby's motion for voluntary dismissal (Doc. 129);
- **ADOPTS** the R & R (Doc. 125);
- **GRANTS** Defendants' motions for summary judgment (Docs. 82 & 87);
- **DENIES** as moot Hruby's motion to object (Doc. 133); motion for injunction (Doc. 114); appeal of magistrate judge decision (Doc. 76); and motion to amend complaint (Doc. 75); and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** December 19, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**